EDWARDS v. STEWART.

4-6853 165 S. W. 2d 265

Opinion delivered November 2, 1942.

*Chas. F. Cole,* for appellant.

*Preston W. Grace,* for appellee.

McHANEY, J. On October 16, 1941, judgment was rendered by default against appellant and in favor of appellees for $303.65, in the municipal court of the city of New York, borough of Brooklyn, fifth district. Thereafter, this suit was brought by appellees against appellant, in the Independence circuit court, based on said judgment, an authenticated copy of the record thereof being attached thereto. Appellant defended the action on the ground that he had not been served with summons and copy of the complaint. Trial resulted in a judgment against him for $321.75 with interest at six per cent. from December 1, 1941, and costs.

It is contended on this appeal that the evidence "is conclusive that the process server who attempted to serve appellant in La Guardia Airport failed to deliver to him a copy of the summons and complaint; failed to orally advise him of the nature of the action there; and did not even touch him with the papers she attempted to serve upon him."

We cannot agree with appellant that this is true. He so testified and was corroborated by his wife and two friends with him. But he admits that, when the process server attempted to serve him, she asked him if he were John W. Edwards, he denied his identity, and ran away to keep from being served. He denied knowing that she was a process server. On the other hand, the return on the summons shows personal service on him, which is *prima facie* evidence of service, and the judgment itself recites the fact. Also the process server, Mary Kuhner, testified very positively that "service was effected by delivering to and leaving with John W. Edwards—a true copy of the summons and complaint in this action, while the defendant was at the La Guardia Airport, borough of Queens, and at the time of service, Emma Stewart, one of the plaintiffs in this action, pointed out the defendant, John W. Edwards, to me. I left the summons and complaint with Mr. Edwards, telling him that it was a true summons for him." She further testified that at the time she delivered them to him he ran off, dropping same to the ground.

The question of service or no service was one of fact, submitted to the trial court, sitting as a jury, and, like the verdict of a jury, his finding, if supported by substantial evidence, is conclusive on appeal. We think the evidence to support the finding of service is quite substantial, if not preponderant, and the judgment must be and is affirmed.